19-34-cr
*United States v. Vallejo-Zamora*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                      No. 19-34-cr

EDIO VALLEJO-ZAMORA, aka Edio Vallejo,

*Defendant-Appellant*.

| | |
|---|---|
| For Appellee: | Steven D. Clymer and Wayne A. Myers, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Andrew H. Freifeld, Law Office of Andrew Freifeld, New York, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Edio Vallejo-Zamora appeals from the judgment of conviction and sentence entered on December 21, 2018, in United States District Court for the Northern District of New York (D'Agostino, *J.*) after he pleaded guilty to possession with intent to distribute a controlled substance. Vallejo-Zamora argues that he received ineffective assistance of counsel when his attorney failed to seek an adjournment of his sentencing to after the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018) was signed into law.

When a defendant raises a claim of ineffective assistance of counsel on direct appeal, we may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015) (internal quotation marks and citation omitted). Guided by the principle that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States*, 538 U.S. 500, 504 (2003), we exercise our discretion to decline to hear Vallejo-Zamora's claim. Accordingly, and without expressing any view on the merits of Vallejo-Zamora's claim, we permit Vallejo-Zamora to raise his ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2